# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERTO S. ALIPIO, JR., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. AW-09-3196 |
| ERIC HOLDER, *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Plaintiff Roberto S. Alipio, Jr. ("Alipio") brings this action against Defendants Eric Holder, United States Attorney General; Janet Napolitano, Secretary of Department of Homeland Security; Alejandro Mayorkas, Director, United States Citizenship and Immigration Services ("USCIS"); Richard Caterisano, District Director, USCIS Baltimore District Office; and Robert Mueller, Director, Federal Bureau of Investigation ("FBI"), requesting judicial relief in the form of an adjudication of Plaintiff's application for naturalization, pursuant to 8 U.S.C. § 1447(b). Currently pending before the Court is Defendants' Motion for Remand (Doc. No. 13) and Defendants' Motion for Extension of Time to File Answer (Doc. No. 12). The Court has reviewed the entire record, as well as the Pleadings and Exhibits, with respect to the instant motion and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons set forth below, the Court will GRANT Defendants' Motion for Remand and GRANT Defendants' Motion for Extension of Time to File Answer.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, a Philippine national, has been a lawful permanent resident of the United States since October 1992, and currently resides in Fort Washington, Maryland. Plaintiff filed his naturalization application (Form N-400) on July 8, 2007, at the Vermont Service Center of the USCIS. On March 18, 2008, Plaintiff appeared for a naturalization interview at the Baltimore, Maryland, District Office of the USCIS, and satisfied all of the requirements at the examination and provided all requested information. At the interview, the Officer insisted that Alipio was involved in Immigration Court proceedings, despite Alipio's explanation that he was not. On December 2, 2009, after not having received any decision on his application, Plaintiff filed the above-captioned immigration action pursuant to 8 U.S.C. § 1447(b), seeking a judicial remedy for the alleged delayed processing of his naturalization application.

The USCIS has indicated that it is ready to adjudicate Plaintiff's naturalization application. Therefore, Defendants move to remand this matter back to the Agency for prompt adjudication. Defendants' counsel also represented to Plaintiff that the USCIS believes that Mr. Alipio cannot naturalize under 8 U.S.C. § 1101 and 8 C.F.R. § 316.10(b)(ii) because he had been convicted of several crimes including what the Agency believed was an aggravated felony.

**DISCUSSION**

Pursuant to 8 U.S.C. § 1447(b), an applicant may apply to a United States District Court, in the district where the applicant resides, for a hearing on his or her naturalization application if the Agency fails to make a determination on the application before the end of the 120-day period following his or her examination. The statute vests the district courts with jurisdiction over these cases, and courts "may either determine the matter or remand the matter, with appropriate

instructions, to the [Agency] to determine the matter." 8 U.S.C. § 1447(b); *see also Etape v. Chertoff*, 497 F.3d 379, 383 (4th Cir. 2007).

It is evident that more than 120 days have elapsed since USCIS interviewed Plaintiff, without any final determination by the Agency, as Plaintiff completed his interview on March 18, 2009 and the USCIS never issued a decision on his application. Defendants seek to remand this case back to the Agency, however, because, at this time, the Agency is prepared to complete adjudication of Plaintiff's application. Thus, Defendants request that this case be remanded to USCIS so that the agency charged with the duty and expertise in these matters can complete the adjudication of Plaintiff's application within sixty days.

After reviewing the pleadings and requests presented by the parties, the Court agrees with Defendants and finds that remand of this case is appropriate. Defendants explain that Plaintiff's FBI name check has been completed, his criminal history has been reviewed, and that USCIS is prepared to complete its adjudication of Alipio's application for naturalization within sixty days of a remand by this Court. Accordingly, the Court agrees with Defendants that a remand will conserve judicial resources and allow the Agency with expertise on the issue to complete the adjudication. If Plaintiff is dissatisfied with the Agency's determination, he may then return to this Court for a *de novo* review on the merits of his application. *See* 8 § U.S.C. 1421; 8 C.F.R. § 336. After a remand to the Agency and the exhaustion of administrative remedies, the Court will have the benefit of a full record and a reasoned determination upon which to review Plaintiff's case.

Plaintiff contends that "Defendants have used remand of these cases as a means of unduly prolonging them, subjecting the plaintiffs to unnecessary hardship." (Doc. No. 17 at 9.) The Court, like Plaintiff, is concerned that the Agency has taken so long to adjudicate Plaintiff's

application. In her declaration, Rita Crawley, Section Manager of District 6 of the Baltimore Office of the USCIS, acknowledges that the USCIS received responses to the background checks on or around November 15, 2007, and that the other necessary checks were complete at this time. (Doc. No. 13, Ex. 1.) The Court is concerned that over twenty months passed between Plaintiff's interview and Plaintiff's filing of this lawsuit, without adjudication of Plaintiff's application, given that the background check had been complete in this case, and Defendants had access to all relevant information before Plaintiff filed this suit. Despite the Agency's previous delay, however, the Court believes that at this juncture, the Agency is best equipped to make the speediest adjudication of the application. *See Nassiri v. Collet*, No. 07-2921 (D. Md. July 21, 2008) (remanding where background check was complete and all documents available at the time of suit). As the background check has been complete for more than two years, the Court believes that forty-five days is a reasonable time period for adjudication of this application. *See Mahd v. Chertoff*, No. 066-1023, 2007 U.S. Dist. LEXIS 20762 (D. Colo. Mar. 21, 2007) ("The USCIS shall issue a decision on Plaintiff's pending naturalization application within forty-five days of receipt of the results of the FBI security check.") Though Plaintiff argues that only the legal issue of whether Plaintiff's offense qualifies as an aggravated offense remains, and thus the Court is the superior adjudicator of this issue, the Court believes that the Agency remains best situated to adjudicate the application. Plaintiff's counsel cites the USCIS's delay in adjudicating another client's appeal as support for its position that the Court should refuse to remand this case. The Court assures Plaintiff, however, that if the USCIS fails to adjudicate this claim within forty-five days, the Plaintiff can seek recourse in this Court. Plaintiff also requests that the case be administratively closed rather than dismissed "so that it can be reinstated should further

review become necessary." (Doc. No. 17 at 10.) The Court will instead allow Plaintiff to reopen the case within ninety days of the entry of this Memorandum Opinion and accompanying Order, if the USCIS does not adjudicate the application within forty-five days of this ruling.

Additionally, the Court believes that Defendants' request for a one-day extension of time to respond to Plaintiff's Complaint, based on Defendants' illness, is warranted, despite Defendants' objections, given the very short time period of the extension. Accordingly, the Court will grant Defendants' Motion for Extension of Time to Respond.

## CONCLUSION

For the reasons stated above, the Court will GRANT Defendants' Motion for Remand, with instructions that the Agency render a decision within forty-five days of this ruling, and will allow Plaintiff ninety days to reopen this case if a decision has not been made. Therefore, this action will be dismissed without prejudice. The Court will also GRANT Plaintiff's Motion for Extension of Time to Respond. An Order consistent with this Memorandum Opinion will follow.

May 19, 2010　　　　　　　　　　　　　　　　　　　　　　　/s/
Date　　　　　　　　　　　　　　　　　　　　　　　Alexander Williams, Jr.
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge